IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| CEVA LOGISTICS | § | | |
| | § | | |
| VS. | § | CA. NO _____ | |
| | § | | |
| C.P. TRANSPORT, INC. | § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CEVA LOGISTICS, hereinafter called "Plaintiff", complaining of C.P. TRANSPORT, INC., hereinafter called "Defendant," respectfully showing unto this Court the following:

**I.**
**Parties**

1.1     Plaintiff, CEVA Logistics, is a Texas Corporation and is duly authorized to conduct business in the State of Texas.

1.2     Defendant, C.P. Transport, Inc., is a Florida Corporation that, at all times material, engaged in business in Texas by arranging and/or providing common carriage of goods by road for hire and may be served with process by serving its agent for service, Blanca Patino, at 1552 SW 187 Terrace, Pembroke Pines, Florida, 33029.

**II.**
**Jurisdiction**

2.1     The Court has original jurisdiction under 28 U.S.C. §1337(a) because there exists complete diversity of citizenship between Ceva Logistics and C.P. Transport, Inc. and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

## III.
## Venue

3.1     Venue is proper in this Honorable Court pursuant to the Transportation Brokerage

Agreement Section III(2), which states that any legal action must be brought in Texas.

## IV.
## Claim for Breach of Contract

4.1     Plaintiff is entitled to monetary damages due to Defendant's breach of contract.

4.2     Plaintiff is a logistics company that provides end-to-end design, implementation

and operation of logistics solutions in contract logistics, freight forwarding, distribution

management and transportation management for large and medium-sized national and

multinational companies.  Defendant is a motor contract carrier in interstate, intrastate, and

foreign commerce.  The Select Carrier Group, L.P ("SCG"), a Texas corporation, is a subsidiary

of Ceva Logistics and is a licensed broker that arranges for motor carrier freight transportation

under its contracts with consignors and consignees.

4.3     Hewlett Packard ("HP") contracted with Plaintiff for Plaintiff to deliver HP's

goods ("goods") to Florida.

4.4     Plaintiff contracted Defendant to transport HP's goods.

4.5     SCG (Ceva) and Defendant entered into a Transportation Brokerage Agreement in

April 2008 ("Agreement") to transport HP's goods.

4.6     The Agreement provided that Defendant as "Carrier" would be engaged by SCG

to transport freight for SCG's "Customer", in this case, HP.

4.7     Section 11 of the Agreement stated that Defendant was to assume common carrier

liability and that Defendant was to be responsible for any loss to SCG or to HP's property.

4.8     Defendant provided SCG with a Certificate of Insurance dated April 16, 2008, listing their insurance policy coverage.  The Certificate of Insurance stated that Defendant's motor cargo coverage commenced on March 2, 2008 and was valid until March 2, 2009.

4.9     On July 28, 2008, the truck in which Defendant was transporting goods for Plaintiff was stolen in Florida.

4.10    Plaintiff, in accord with its contract with HP, promptly filed a claim with Plaintiff's insurance company and paid HP for the losses.  Plaintiff then attempted to subrogate that claim with Defendant's insurance company, as a third party beneficiary to the Agreement, and was informed that the claim had been denied due to lack of coverage on the day the goods were stolen.

4.11    It was later discovered that the claim was submitted to Defendant's insurance company under the wrong policy number, prompting a new investigation into coverage under another policy that Defendant held.  To date, Defendant has not been cooperative with their insurance company to get this claim resolved.  It is suspected that the vehicle that was stolen was not a scheduled vehicle under the applicable policy, thereby falling outside coverage under the policy.

4.12    In failing to maintain proper insurance coverage, Defendant breached its contract with SCG.

4.13    In failing to cooperate with its insurance company, Defendant has delayed resolution of this claim, forcing Plaintiff to incur unnecessary costs, including attorney's fees.

## V.
## <u>Damages</u>

5.1     Plaintiff is entitled to actual damages in the amount of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00) resulting from Defendant's breach of the Agreement.

## VI.
## <u>Prayer</u>

6.1     Based on the facts set forth above, Plaintiff respectfully requests that Defendant be cited and required to appear and answer herein, and upon the trial of this cause, Defendant be found liable in an amount within the jurisdiction of this Court for actual damages and attorneys' fees, costs of court, and that Plaintiff be granted any and all other relief to which this court may deem it entitled.

Respectfully submitted,


*//s// Jeffrey R. Bale*
Jeffrey R. Bale
State Bar No. 01629800
Federal I.D. No. 3324
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
(281) 295-6000 Telephone
(281) 295-6005 Facsimile
Email: jbale@balelawfirm.com
*Counsel for Defendant,*
*CEVA Logistics U.S., Inc.*

**OF COUNSEL:**

Blair H. Burnside
State Bar No. 24050357
Federal I.D. No. 951481
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
(281) 295-6000 Telephone
(281) 295-6005 Facsimile
Email: bburnside@balelawfirm.com
*Counsel for Defendant,*
*CEVA Logistics U.S., Inc.*